OPINION
{¶ 1} Defendant-appellant Heather Stevens appeals her sentence from the Muskingum County Court of Common Pleas on two counts of burglary and two counts of theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 23, 2003, the Muskingum County Grand Jury indicted appellant on two counts of burglary in violation of R.C. 2911.12(A)(3), felonies of the third degree, one count of theft (less than $500.00) in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, and one count of theft ($500.00 or more, but less than $5,000.00) in violation of R.C. 2913.02(A)(1), a felony of the fifth degree.
 {¶ 3} Subsequently, on August 11, 2003, appellant pled guilty to all of the charges contained in the indictment. In accordance with the plea negotiations, the State recommended that appellant be placed on community control and be ordered to enter and complete the program at the Franklin County Community Based Correctional Facility and follow all aftercare. A presentence investigation report was ordered and a sentencing hearing was scheduled for November 3, 2003.
 {¶ 4} Appellant did not appear for the November 3, 2003, sentencing hearing and a bench warrant was issued for her arrest. After she was arrested in West Virginia and remanded to the State of Ohio, the sentencing hearing was held on August 16, 2004.
 {¶ 5} At the sentencing hearing, John Graham, the bailiff who conducted the presentence investigation report, testified that appellant had "committed a home invasion," that appellant had a prior history of criminal convictions and showed no genuine remorse, that the victim suffered psychological and economic harm, and that "the offense was facilitated by the offender's relationship with the victim." Transcript of August 16, 2004, hearing at 4. Graham also testified that appellant had a pending drug trafficking case in Washington County that was scheduled for trial in October of 2004. According to Graham, the drug trafficking offense took place while appellant was out on bond in the case sub judice. Testimony also was adduced at the hearing that appellant was currently serving a 4 to 40 year prison term in West Virginia on charges that "range[d] from forgery and uttering and I believe conspiracy." Transcript of August 16, 2004, hearing at 6.
 {¶ 6} On cross-examination, Graham further testified that appellant had not previously served any prison sentence prior to June of 2003, when the offenses in the case sub judice occurred, and that appellant had no other felony convictions except for the Washington County or West Virginia cases.
 {¶ 7} When questioned by the trial court, Graham indicated that there were actually two sets of charges out of West Virginia and that one of them occurred before the charges in the case sub judice and one occurred after. According to Graham, the "one [that] was before . . . the charges never surfaced until after this case, . . ." Transcript of August 16, 2004, hearing. The two sets of charges were combined.
 {¶ 8} As memorialized in an Entry filed on August 20, 2004, the trial court sentenced appellant to three years in prison on each of the third degree felonies, to one year on the fifth degree felony, and to six months on the misdemeanor of the first degree. The trial court further ordered that appellant's sentences be run concurrently for an aggregate prison sentence of three years. The trial court, in its Entry, ordered that appellant's sentence run consecutively to the sentences that appellant was serving in West Virginia. Appellant was also ordered to make restitution to the victims.
 {¶ 9} Appellant now raises the following assignments of error on appeal:
 {¶ 10} "I. THE TRIAL COURT ERRED BY FAILING TO SENTENCE APPELLANT TO COMMUNITY CONTROL SANCTIONS AS WAS RECOMMENDED BY THE STATE OF OHIO.
 {¶ 11} "II. THE TRIAL COURT ERRED BY FAILING TO SENTENCE APPELLANT TO THE MINIMUM TERM OF INCARCERATION.
 {¶ 12} "III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING HEARING IN THAT COUNSEL FAILED TO ASSERT FACTS FAVORABLE TO APPELLANT."
 I {¶ 13} Appellant, in her first assignment of error, argues that the trial court erred in failing to sentence appellant to community control sanctions as was recommended by the State. According to appellant, the trial court "should have abided by the agreement between appellant and appellee." We disagree.
 {¶ 14} At the sentencing hearing in this matter, appellant was advised by the trial court that "the prosecutor's recommendation [of community control] is not binding on the Court, I do not have to follow it." Transcript of August 11, 2004, hearing at 9. Appellant also signed a "Plea of Guilty" form which stated, in relevant part, as follows: "I further understand that the Prosecutor's recommendation does not have to be followed by the Court."
 {¶ 15} The sentencing guidelines in R.C. 2929.13(C) do not provide a preference of either a prison sentence or community control for third degree felonies, which is the degree of the most serious offense committed by appellant. A defendant has no appeal as of right merely because a prison term is imposed for a third degree felony under R.C.2929.13(C). R.C. 2953.08(A). To decide whether to impose a prison sentence for a third degree felony, R.C. 2929.13(C) directs a trial court to comply with the purposes and principles of sentencing under R.C. 2929.11
and the seriousness and recidivism factors defined in R.C. 2929.12.
 {¶ 16} Revised Code 2929.11 delineates the overriding purposes of felony sentencing. Those purposes are to protect the public from future crime and to punish the offender. R.C. 2929.11(A).
 {¶ 17} Revised Code 2929.12 enumerates "seriousness" and "recidivism" factors. R.C. 2929.12(B) is directed at the "seriousness" determination, setting forth factors which might indicate that the offender's conduct is "more serious than conduct normally constituting the offense." In toto, these factors are:
 {¶ 18} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 19} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 20} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 21} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 22} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 23} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 24} "(7) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 25} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 26} "(9) If the offense is a violation of * * * [several enumerated) statutes including domestic violence] involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent * * * of one or more of those children."
 {¶ 27} Section (D), again in toto, sets forth recidivism factors indicative of those offenders who are "likely to commit future crimes," as follows:
 {¶ 28} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense."
 {¶ 29} (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 {¶ 30} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 31} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 32} "(5) The offender shows no genuine remorse for the offense." In addition to those factors specifically enumerated above, trial courts have discretion to consider "* * * any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).
 {¶ 33} At the sentencing hearing, after noting on the record that the most serious offenses committed by appellant carried no presumption for or against prison,[1] the trial court stated, in relevant part, as follows:
 {¶ 34} "The Court finds that the — there are factors present which make a prison sentence appropriate in this case. Those factors include the nature and extent of the offenses involved here, the fact you were involved in a spree of offenses in multiple states, and the fact you also have been charged with additional offenses in Washington County since you've been on this case — since this case arose.
 {¶ 35} "Based upon all that, the Court finds that not only is a prison sentence appropriate, but the minimum sentence would demean the seriousness of the offense and also not adequately protect society." Transcript of August 16, 2004, hearing at 101-1.
 {¶ 36} Furthermore, the trial court, in its August 20, 2004, Entry, stated as follows:
 {¶ 37} ". . . The Court after consideration of the purposes and principles of sentencing under ORC Sec. 2929.11, and the factors under ORC Sec. 2929.12 finds that certain factors exist, inasmuch as the defendant has a history of convictions, committed a home invasion, caused psychological and economic harm, that her relationship with the victim facilitated the offenses, and that she knows no genuine remorse for actions."
 {¶ 38} Based on the foregoing, we find that the trial court did not err in sentencing appellant to prison rather than community control.
 {¶ 39} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 40} Appellant, in her second assignment of error, argues that the trial court erred in failing to sentence her to the minimum term of incarceration since she had no prior felony convictions. We disagree.
 {¶ 41} R.C. 2929.14(B) states:
 {¶ 42} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 43} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 44} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 45} In interpreting this requirement, the Supreme Court of Ohio has held: "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131, syllabus. Rather, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326, 715 N.E.2d 131; State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 46} In the case sub judice, the trial court made the necessary findings mandated by R.C. 2929.14(B) when it chose not to impose the minimum sentence. Specifically, pursuant to R.C. 2929.14(B)(2), the trial court stated, "* * * the minimum sentence would demean the seriousness of the offense also not adequately protect society." Transcript of August 16, 2004 hearing at 11. Having made this finding, the trial court was permitted to impose a prison term that exceeded the minimum sentence.
 {¶ 47} Appellant's second assignment of error is, therefore, overruled.
 III {¶ 48} Appellant, in her third assignment of error, contends that appellant was denied effective assistance of trial counsel at the sentencing hearing "in that counsel failed to assert facts favorable to appellant." We disagree.
 {¶ 49} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 50} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. at 142.
 {¶ 51} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 52} Appellant specifically alleges that appellant's trial counsel was ineffective in failing to bring the following to the attention of the trial court at the time of sentencing:
 {¶ 53} "1. At the time APPELLANT was indicted on the present case, APPELLANT had no prior felony indictments or convictions.
 {¶ 54} "2. The State of Ohio (Muskingum County Prosecutor's Office) had recommended that APPELLANT be placed on Community Control. This was stated in the Plea of Guilty form signed by APPELLANT and the Muskingum County Prosecutor's Office.
 {¶ 55} "3. APPELLANT was a first time felon when she entered a guilty plea in Muskingum County and she deserved to receive Community Control from Muskingum County or at least a minimum period of incarceration.
 {¶ 56} "4. Although the State of West Virginia had indicted and had sentenced APPELLANT to two consecutive sentences of two years to twenty years, all of this was done after APPELLANT had been indicted in Muskingum County, Ohio, and had worked out a community control recommendation from the Muskingum County Prosecutor's Office.
 {¶ 57} "5. In addition, the charges and the sentences in West Virginia and in Washington County, Ohio, should not have been held against APPELLANT by the Muskingum County Common Pleas Court in sentencing APPELLANT.
 {¶ 58} "6. The facts giving rise to criminal charges in Washington County, Ohio, arose after the APPELLANT had entered a guilty plea in Muskingum County on the present case.
 {¶ 59} "7. APPELLANT had advised her counsel she expected the charges in Washington County, Ohio, to be dropped."
 {¶ 60} However, we find that appellant's trial counsel was not ineffective since, based upon the facts presented at the sentencing hearing, appellant would have received the same sentence had such "favorable" facts been asserted at the sentencing hearing. As is stated above, testimony was adduced at the sentencing hearing that appellant had a history of convictions,[2] "committed a home invasion," that appellant's victims suffered psychological and economic harm, and that appellant showed no remorse. Testimony was also adduced that appellant committed offenses while out on bond in the case sub judice and that at least one of appellant's West Virginia charges occurred before the offenses in the case sub judice.
 {¶ 61} Appellant's third assignment of error is, therefore, overruled.
 {¶ 62} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Third degree felonies do not carry a presumption in favor of either prison time or community control sanctions. R.C. 2929.13(C).
[2] Appellant had no prior felony convictions.