JOURNAL ENTRY and OPINION
{¶ 1} Appellant Michael Heading appeals his sentence. On appeal he assigns the following error for our review:
"I. The trial court committed prejudicial error in failing tofollow the sentencing guidelines set forth in the Ohio RevisedCode Section 2929.11 Et Seq."
 {¶ 2} Having reviewed the record and pertinent law, we vacate Heading's sentence and remand for re-sentencing based on the Ohio Supreme Court's recent decision of State v. Foster.[1]
The apposite facts follow.
 {¶ 3} On April 6, 2005, the Cuyahoga County Grand Jury indicted Heading for one count of burglary, a second degree felony. On May 17, 2005, Heading pled guilty to a reduced charge of burglary, a third degree felony. The trial court referred the matter to the probation department to compile a pre-sentence investigative report, but Heading failed to initially report to the probation department. On June 7, 2005, a warrant was issued and Heading was ultimately apprehended and brought before the court and the probation department.
 {¶ 4} On July 6, 2005, the trial court held a sentencing hearing and discussed the facts of the offense and the details of the pre-sentence investigative report. The trial court heard from the victim who stated that when Heading burglarized her home, he broke several irreplaceable items of sentimental value. Heading admitted that he committed the offense, but stated that he was under the influence of drugs. The trial court imposed a three-year term of incarceration.
 Sentencing {¶ 5} In the sole assigned error, Heading argues the trial court erred in not imposing community control sanctions and by imposing a non-minimum sentence.
 {¶ 6} In the instant case, Heading pled guilty to a third degree felony. However, the sentencing guidelines in R.C.2929.13(C) do not provide a presumption of either a prison sentence or community control for third degree felonies.[2]
To decide whether to impose a prison sentence for a third degree felony, R.C. 2929.13(C) directs a trial court to comply with the purposes and principles of sentencing under R.C.2929.11.[3]
 {¶ 7} Here, the record reveals that the trial court imposed the sentence after making findings pursuant to R.C. 2929.14(B). Because the trial court made findings pursuant to R.C.2929.14(B), we conclude that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster. InFoster, the Court held that R.C. 2929.14(B) violates theSixth Amendment to the United States Constitution, pursuant to Blakelyv. Washington,[4] and Apprendi v. New Jersey.[5]
As a result, defendants who were sentenced under this unconstitutional and now void statutory provision must be re-sentenced.[6]
 {¶ 8} Accordingly, pursuant to the mandates of Foster, we sustain Heading's sole assigned error, vacate his sentence, and remand the matter to the trial court for re-sentencing.
 {¶ 9} Appellant appealed his sentence and not his guilty plea. The sentence is vacated and this matter is remanded to the trial court for re-sentencing.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is further ordered that a special mandate be sent to said Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Christine T. McMonagle, J.,concur.
[1] ___ Ohio St.3d ___, 2006-Ohio-856.
[2] State v. Stevens (June 30, 2005), 5th Dist. No. CT 2004-0040, 2005-Ohio-3521.
[3] Id.
[4] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403.
[5] (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
[6] Foster, 2006-Ohio-856, ¶¶ 103-106.